IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAROLD JACKSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF STOCKBRIDGE,<br><br>　　　　　Defendant. | CIVIL ACTION FILE<br><br>NO. 1:10-CV-2113-TWT-JFK |

**FINAL REPORT AND RECOMMENDATION**

Pending before the Court is its November 19, 2010, order [Doc. 19] directing Plaintiff Harold Jackson to show cause in writing within fifteen days why the complaint should not be dismissed for his failing to file a Certificate of Interested Persons ("CIP") and a Preliminary Report and Discovery Schedule ("PRDS") and to file the CIP and PRDS within fifteen days. The docket reflects that Plaintiff has failed to respond to the show cause order and has still failed to file either his CIP or PRDS.

Local Rule 41.3A(2), N.D. Ga., provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case . . . if . . . (2) A plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case . . .

AO 72A
(Rev.8/82)

."[1]  "The federal rules also provide for involuntary dismissal:  'The district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to prosecute . . . .'" Medrano v. American Home Mortg. Servicing, 2009 WL 2486313, at *2 (quoting Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006); and citing McIntosh v. Gauthier, 182 Fed. Appx. 884, 886 (11th Cir. 2006) (stating that Rule 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); Sussman v. Salem, Saxon, and Nielson, 154 F.R.D. 294, 300 (M.D. Fla. 1994) (dismissal appropriate for failure to obey a direct order of the court")).  A district court's dismissal is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). "Dismissal is generally not an abuse of discretion when the litigant has been forewarned."  Id.; see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (same).

---

[1] In addition, L.R. 41.A(3), N.D. Ga., provides that dismissal for want of prosecution is appropriate where "[a] case has been pending in this court for more than six (6) months without any substantial proceedings of record . . . having been taken in the case."  Plaintiff has not taken any action in this matter since July 21, 2010, when he returned the USM 285, summons and initial disclosures forms to the Clerk, almost six months ago.

Defendant's answer was filed on September 21, 2010; and Plaintiff's Certificate of Interested Persons ("CIP") and Preliminary Report and Discovery Schedule ("PRDS") were due on October 21, 2010. [See Doc. 10, Guidelines; and see Local Rule 3.3 and 16.1, N.D. Ga.]. Plaintiff failed to file the CIP and PRDS by the due date, and the court ordered Plaintiff to file the CIP and PRDS. [Doc. 16]. Plaintiff failed to comply with the court's order [Doc. 16] to file the CIP and PRDS and has now failed to comply with the court's show cause order [Doc. 19] and repeated order to file the CIP and PRDS. The court warned Plaintiff in its November 19, 2010, order that Plaintiff's failure to comply with the court's order and show cause by December 7, 2010, would result in a recommendation to the District Court that the complaint in this civil action be dismissed. [Doc. 19 at 2].

Plaintiff's repeated failure to comply with court orders, on the threat of dismissal of his cause of action, indicates a failure to prosecute this case and a total disregard for this court's orders and rules. The court therefore **RECOMMENDS** that the complaint in this civil action [Doc. 4] be **DISMISSED with prejudice**.

The Clerk is **DIRECTED** to terminate this reference.

3

**SO RECOMMENDED AND ORDERED**, this 13th day of December, 2010.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE